IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**AARON HILL**                                                                                                          **PLAINTIFF**

vs.                                                    No. 5:19-cv-1129

**FUELCO ENERGY LLC**                                                                                    **DEFENDANT**

## ORIGINIAL COMPLAINT

COMES NOW Plaintiff Aaron Hill ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Fuelco Energy LLC ("Defendant"), and in support thereof, he does hereby state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1. This is an action for unpaid wages.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff repeats and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

7. Plaintiff Aaron Hill ("Hill") is a resident and citizen of Nueces County. He has been employed by Defendant as a Driver since approximately November of 2017.

8. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

9. Defendant Fuelco Energy LLC is a Texas limited liability company having a registered agent for service of process of CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10. Defendant is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

11. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

12. Some of the products that Defendant transports cross state lines; some of the equipment that Plaintiff uses to perform his job for Defendant has moved across state lines.

13. Defendant is an oilfield services company that has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated), which means the FLSA covers employees employed by Defendant as $500,000.00 is the threshold under the FLSA.

14. Defendant's workers routinely use hard hats, wrenches, and other tools in performing their job duties. These necessary implements moved in interstate commerce across state lines. Thus, its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

15. Defendant set the pay policy in question in this lawsuit, managed Plaintiff's work schedule, determined his hours, knew and approved of hours worked beyond forty (40) in a given week, could hire and fire Plaintiff, and had general operational control over Plaintiff.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff repeats and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

17. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff Hill has worked for Defendant as Driver.

18. Within the time period relevant to this case, Plaintiff worked in excess of forty (40) hours per week were subject to Defendant's policy of paying straight time for some hours in excess of forty (40) per week.

19.     Specifically, Defendant avoided paying an overtime premium for all hours worked over forty (40) by distinguishing Plaintiff's earning into three distinct categories of time: "Regular," "Overtime," and "Standby," and then making it a policy that it was only going to pay an overtime premium for the hours it considered to be "Overtime," rather than all hours worked in excess of forty (40).

20.     Plaintiff's primary duties include assisting those working at oil well sites to assist in pumping and fracking oil wells.

21.     Plaintiff has been classified as an hourly employee for the entire duration of his employment with Defendant and is paid an hourly rate.

22.     During his shifts, Plaintiff almost always work in excess of forty (40) hours per week, regardless of whether Defendant categorized his time as "Regular," "Overtime," or "Standby." Plaintiff is claiming overtime damages for all weeks in which he worked for Defendant.

23.     In particular, Plaintiff was scheduled to work approximately ninety (90) hours a week, but often worked more than 100 hours in a given workweek.

24.     Plaintiff received an hourly rate (ranging from $19.00 an hour up to $24.00 per hour) for all hours worked for Defendant below forty (40) hours per week and an overtime premium of one and one-half (1.5) times his regular rate of pay for some, but not all, of his hours worked in excess of forty (40) hours per week for Defendant.

25.     As one example, for the pay period ending 01/19/2019, Plaintiff Hill worked a total of 103 hours but only received overtime pay for 55 of those hours because Defendant categorized 8 hours as standby time.

26. As another example, for the pay period ending 03/23/2019, Plaintiff Hill worked a total of 100 hours but only received overtime pay for 48 of those hours because Defendant categorized 12 hours as standby time.

27. Defendant justified its failure to pay an overtime premium on "Standby" time because it considered these categories of time be non-compensable and payment for these hours was a bonus and a perk of Plaintiff's employment.

28. To the extent any "Standby" time is found to be non-compensable, then these payments to Plaintiff were non-discretionary cash awards and bonuses paid on a regular basis when certain objective and measurable criteria were met.

29. Defendant did not include the bonuses and cash awards paid to Plaintiff in his regular rate of pay when calculating his overtime pay.

30. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as production or attendance based incentives, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

31. Defendant violated the FLSA by not including the non-discretionary bonuses of Plaintiff in his regular rate when calculating his overtime pay.

32. Plaintiff was and is entitled to one and one-half (1.5) times his regular rate of pay for all hours worked in excess of forty (40) in a week.

33. To determine Plaintiff's damages and the total amount he is claiming as a result of Defendant not paying an overtime premium for standby time, Plaintiff simply has to multiple his overtime premium by the total number of hours worked over forty (40) each week that was paid at straight time. While the number of hours worked is a fact finding

left to the Court and the dollar damages a conclusion of law left to the Court as well, for the pay period ending 03/23/2019 Plaintiff Hill is owed $132 (12 hours of overtime paid at straight time multiplied by an overtime premium of $11) prior to liquidation.

34.  To determine Plaintiff's damages and the total amount he is claiming as a result of Defendant not paying him for all hours worked, Plaintiff can cross check the hours on his paystubs with the hours on his timesheets to determine how many hours he is owed at one and half times his regular rate of pay.

35.  Defendant failed to pay Plaintiff overtime compensation at a rate of one and one-half (1.5) times his regular rate of pay for all of his hours worked in excess of forty (40) hours per week even though Defendant was aware of how many hours Plaintiff worked.

36.  Defendant knew, or showed reckless disregard for whether, the way they paid Plaintiff violated the FLSA.

## V. FIRST CLAIM FOR RELIEF
### ("Standby" Time Claims for Violations of FLSA)

37.  Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

38.  29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

39.  Defendant failed to pay Plaintiff at a rate of one and one-half times his regular rate for all of his hours worked over forty (40) hours per week, despite his entitlement thereto.

40. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

41. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

42. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CLAIM FOR RELIEF
### (Regular Rate Claims for Violations of FLSA)

43. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

44. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

45. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff in his regular rate when calculating his overtime pay.

46. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

47. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

48. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Aaron Hill respectfully prays as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF AARON HILL**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone:  501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com